IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CREATIVE ENGINEERING COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 07 C 4256 |
| ISLAMIC RELIEF, USA, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

According to plaintiff, it entered into a contract with defendant to provide management services for plaintiff's development projects worldwide, particularly in southeast Asia and the Middle East. Plaintiff was supposed to establish an office in California, where defendant is located, but the relationship fell apart before that happened, and suit followed.

Defendant moves to dismiss for lack of personal jurisdiction and improper venue. We do not dismiss, but we do transfer the action to the Central District of California pursuant to 28 U.S.C. §1406. Plaintiff, located here, obviously expected to do some things here, but since none of the projects had any relationship to Illinois, plaintiff cannot rest on a concept of specific jurisdiction because of its own actions here.

But is there a basis for claiming general jurisdiction in Illinois? While the issue is closer, we think not. General jurisdiction is permitted only where the defendant has "continuous and systematic general business contacts" with the forum. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). This is a high standard in which the defendant's contacts with the forum state must be so extensive that it would be

"fundamentally fair" to require it to answer to a court in the forum state in "*any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 787 (7th Cir. 2003) (emphasis in original).

At the time the claim arose and this suit was filed, defendant had neither employees nor offices in this state. It did come in, however, from time to time, both to religious meetings and specific fundraisers, to solicit funds for its humanitarian endeavors, and it was relatively successful in those efforts. That solicitation had nothing to do with what plaintiff allegedly was supposed to do (other than to fund its activities and all other of defendant's operations). But it certainly amounts to a presence in this state at least some of the time. Clearly, that would be enough if the case related to fund-raising, but it does not. We conclude that defendants' sporadic fund-raising in Illinois cannot form the basis of general jurisdiction. *See* Morton Grove Pharm., Inc. v. Nat'l Pediculosis Assoc., Inc., 485 F. Supp. 2d 944, 948-49 (N.D. Ill. 2007) (no general jurisdiction over out-of-state party that received donations of $150,000 and $120,000 from Illinois foundation). We do not believe that the effort to raise funds here submits every dispute involving development worldwide to the jurisdiction of courts in Illinois. *See* Purdue, 338 F.3d at 787. Further, for the reasons stated, no substantial part of the events or omissions giving rise to the claim occurred in this state. Venue is, therefore, inappropriate here. *See* 28 U.S.C. §1391(a).

*[signature]*

JAMES B. MORAN
Senior Judge, U. S. District Court

*[signature]* Jan. 18, 2008.